IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYCHEEKIA PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-00085-JD |
| | ) |
| LOCKHART MORRIS & | ) |
| MONTGOMERY, INC., | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Before the Court is the Motion to Dismiss filed by Defendant Lockhart Morris & Montgomery, Inc. ("Lockhart") ("Motion"). *See* [Doc. Nos. 4, 5, 13]. The Motion seeks to dismiss Plaintiff Sycheekia Peters' ("Peters") complaint [Doc. No. 1-3] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Peters failed to timely respond under the requirements in the Local Civil Rules and as required by the Court's orders. *See* [Doc. Nos. 9, 14].

The Court cautioned Peters in its order of September 13, 2024, that failure to timely respond to the Motion would render it confessed and that the Court may dismiss the action for failure to prosecute or comply with the Court's orders. *See* [Doc. No. 14 at 6 n.2]. By operation of the rule and as warned by the Court, Peters' failure to comply with Local Civil Rule 7.1(g) renders the Motion confessed.

Additionally, because Peters failed to respond to the Motion after being warned by the Court, the Court dismisses Peters' complaint without prejudice for failure to comply with the Court's orders of February 8, 2024, and September 13, 2024, for failure to

comply with the Local Civil Rules, or for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to dismiss actions for lack of prosecution); *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (even without a motion, a district court may sua sponte dismiss an action "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court"); *see also* Fed. R. Civ. P. 41(b).[1]

Alternatively, and to the extent the Court is required to independently analyze the uncontested arguments for dismissal, Peters' complaint fails to state a claim under Rule 12(b)(6). Peters alleges that Lockhart violated 15 U.S.C. § 1692c(a)(1) in its communication with her. Peters does not allege, however, that Lockhart sent the letter to the wrong address, i.e., "place." Instead, she maintains that the medium Lockhart used was inconvenient. She explains that by utilizing snail mail, as opposed to email, Lockhart violated the FDCPA. But § 1692c(a)(1) does not prohibit any specific medium of communication, it just limits the time and place of communication.

Peters also alleges that 12 C.F.R. § 1006.14(h)(1) prohibits Lockhart's conduct. In relevant part, that regulation states, "In connection with the collection of any debt, a debt

---

[1] Before dismissing a case *with prejudice*, "a court should ordinarily consider a number of factors," including whether the party was warned, the amount of interference with the judicial process, and the relative degrees of culpability and prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Here, the Court need not analyze any *Ehrenhaus* factors because the dismissal is without prejudice. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (unpublished) ("When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required.") (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Just.*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person." *Id.* However, this general mandate includes several exceptions:

> (i) If a person opts out of receiving electronic communications from a debt collector, a debt collector may send an electronic confirmation of the person's request to opt out, provided that the electronic confirmation contains no information other than a statement confirming the person's request and that the debt collector will honor it;
>
> (ii) If a person initiates contact with a debt collector using a medium of communication that the person previously requested the debt collector not use, the debt collector may respond once through the same medium of communication used by the person; or
>
> (iii) If otherwise required by applicable law, a debt collector may communicate or attempt to communicate with a person in connection with the collection of any debt through a medium of communication that the person has requested the debt collector not use to communicate with the person.

12 C.F.R. § 1006.14(h)(2).

Lockhart's alleged conduct falls under these exceptions—specifically (ii) and (iii). Here, Peters alleges that she requested that Lockhart contact her via email but reached out to it via letter, and Lockhart responded once through that same medium. And, as Lockhart argues in its Motion, when a consumer disputes a debt and requests verification, the debt collector must "mail[]" verification "to the consumer." 15 U.S.C. § 1692g(b). Thus, the Court determines that Lockhart's alleged conduct is either covered by § 1006.14(h)(2)(ii) or (iii).

To this Court's knowledge, the Tenth Circuit has not addressed these particular issues under 15 U.S.C. § 1692c(a)(1) or 12 C.F.R. § 1006.14(h)(1). However, other district courts have concluded similarly to this Court in FDCPA cases. *See, e.g.*, *Marks v. Javitch Block LLC*, No. 1:23-CV-431-MJT-CLS, 2024 WL 1134037, at *2 (E.D. Tex. Mar. 14, 2024) ("Plaintiff does not state that the place at issue—his home—was inconvenient, but rather the medium of the communication—a letter—caused harm."); *Kirk v. Credit Mgmt. L.P.*, No. 2:23-CV-482-ECM, 2024 WL 3240564, at *2 (M.D. Ala. June 28, 2024) ("[P]ursuant to § 1006.14(h)(2), [Defendant] was allowed to contact the Plaintiff once via letter, which [Defendant] did when [it] sent the Plaintiff a verification letter in response to the Plaintiff's mailed letter of dispute."). In light of the plain text of the provisions and this persuasive authority—and to the extent necessary given its rulings earlier in this Order—the Court determines Peters has failed to allege a plausible violation of 15 U.S.C. § 1692c(a)(1) or 12 C.F.R. § 1006.14(h)(1).

For each of the reasons set forth above, the Court dismisses Peters' complaint without prejudice and will separately enter a judgment in this action.

IT IS SO ORDERED this 7th day of October 2024.

[signature]
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE